C:\Dunlap\AAMCO\AnswerWithAffirmativeDefenses&Counterclaims.doc

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC.,<br><br>                    Plaintiff,<br>v.<br><br>JAMES M. DUNLAP,<br><br>                    Defendant. | Civil Action No. 07-00562 (TJS)<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendant James M. Dunlap hereby answers the complaint in this action as follows:

## FIRST DEFENSE

1. Admit.

2. Admit.

3. Deny without sufficient knowledge or information.

4. Deny without sufficient knowledge or information.

5. Deny without sufficient knowledge or information.

6. Deny without sufficient knowledge or information.

7. Deny without sufficient knowledge or information.

8. Deny each and every averment contained in paragraph 8 of the complaint, except admit that Plaintiff entered into the agreements attached as Exhibit "A" to the complaint, which agreements are written documents that speaks for themselves.

9. Deny each and every averment contained in paragraph 9 of the complaint, except admit that Plaintiff under duress entered into the Agreement attached as Exhibit "B" to the complaint, which agreement is a written document that speaks for itself.

10. Deny each and every averment contained in paragraph 10 of the complaint, except admit that Plaintiff entered into the agreements attached as Exhibit "C" to the complaint, which agreements are written documents that speaks for themselves.

11. Deny as legal conclusion.

12. Deny as legal conclusion.

13. Deny as legal conclusion.

14. Deny as legal conclusion.

15. Deny as legal conclusion.

16. Deny as legal conclusion.

17. Deny as legal conclusion.

18. Deny as legal conclusion.

19. Deny each and every averment contained in paragraph 19 of the complaint, except admits that section 19.1 of Exhibit "A" to the so-called "Yearly Agreement" provides for "Procedures after Termination."

20. Deny each and every averment contained in paragraph 20 of the complaint, except admits that section 19.1 of Exhibit "A" to the so-called "Chesapeake Franchise Agreement" provides for "Procedures after Termination."

21. Deny as legal conclusion.

22. Deny as legal conclusion.

23. Paragraphs 1 through 22 of this answer are incorporated hereby by reference, as if set forth again in full.

24. Deny as legal conclusion.

25. Deny as legal conclusion.

26. Deny as legal conclusion.

27. Deny as legal conclusion.

28. Deny as legal conclusion.

29. Deny as legal conclusion.

30. Deny as legal conclusion.

31. Deny as legal conclusion.

32. Deny as legal conclusion.

33. Paragraphs 1 through 32 of this answer are incorporated hereby by reference, as if set forth again in full.

34. Deny as legal conclusion.

35. Deny as legal conclusion.

36. Deny as legal conclusion.

37. Deny as legal conclusion.

38. Deny as legal conclusion.

39. Deny as legal conclusion.

40. Deny as legal conclusion.

41. Paragraphs 1 through 40 of this answer are incorporated hereby by reference, as if set forth again in full.

42. Deny as legal conclusion.

43. Deny as legal conclusion.

44. Deny as legal conclusion.

45. Deny as legal conclusion.

46. Paragraphs 1 through 45 of this answer are incorporated hereby by reference, as if set forth again in full.

47. Deny as legal conclusion.

48. Deny as legal conclusion.

49. Deny as legal conclusion.

50. Deny as legal conclusion.

51. Deny as legal conclusion.

52. Deny as legal conclusion.

53. Paragraphs 1 through 52 of this answer are incorporated hereby by reference, as if set forth again in full.

54. Deny as legal conclusion.

55. Deny as legal conclusion.

56. Deny as legal conclusion.

57. Deny without sufficient knowledge or information.

58. Deny without sufficient knowledge or information.

59. Paragraphs 1 through 58 of this answer are incorporated hereby by reference, as if set forth again in full.

60. Deny as legal conclusion.

61. Admit.

62. Deny as legal conclusion.

63. Deny as legal conclusion.

64. Deny as legal conclusion.

65. Deny as legal conclusion.

66. Deny as legal conclusion.

WHEREFORE, Defendant James M. Dunlap respectfully requests this Court to dismiss Plaintiff's complaint with costs charged against the Plaintiff and for such other relief as the Court deems just and appropriate.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

At all times relevant hereto, Defendant complied fully with the requirements of the franchise agreements attached as Exhibits to the complaint.

## FOURTH DEFENSE

At all times relevant hereto, Defendant conducted himself properly and in full compliance of his obligations under the requirements of the franchise agreements attached as Exhibits to the complaint.

## FIFTH DEFENSE

At no time did the Defendant's acts or omissions cause any prejudice or harm to the Plaintiff.

## SIXTH DEFENSE

Plaintiff failed to mitigate any damages allegedly sustained.

## SEVENTH DEFENSE

At all times relevant hereto, Defendant conducted himself properly and in full compliance with all applicable laws.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches and/or estoppel.

## NINTH DEFENSE

Plaintiff has failed to establish that it is the owner or registrant of a valid trademark or service mark.

## TENTH DEFENSE

Plaintiff's claims have failed to establish damages, including any likelihood of irreparable harm

## ELEVENTH DEFENSE

Plaintiff cannot prevail on its claims because the parties have entered into valid and enforceable agreements whereby Defendant is permitted to use the alleged trademarks and service marks.

## TWELFTH DEFENSE

Plaintiff is no longer the "registrant" as defined by 15 U.S.C. § 1127 of the alleged trademarks and service marks as Plaintiff assigned its rights in the marks to a separate and distinct entity that is not a party in the present matter.

## THIRTEENTH DEFENSE

Plaintiff is no longer the "owner" as under Pennsylvania common law of the alleged trademarks and service marks as Plaintiff assigned its rights in the marks to a separate and distinct entity that is not a party in the present matter.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## FIFTEENTH DEFENSE

At no time did the Defendant in any way impair Plaintiff's rights under the Lanham Act or any other federal or state statute.

## SIXTEENTH DEFENSE

At all times relevant hereto, Plaintiff has been in material breach of the franchise agreements attached as Exhibits to the complaint.

## SEVENTEENTH DEFENSE

At all times relevant hereto, Plaintiff has acted in bad faith and with unclean hands.

## EIGHTEENTH DEFENSE

Plaintiff lacks standing to sue.

## NINETEENTH DEFENSE

The so-called Yearly Agreement dated November 29, 1993 is invalid and unenforceable as it was executed under duress.

WHEREFORE, Defendant James M. Dunlap respectfully requests this Court to dismiss Plaintiff's complaint with costs charged against the Plaintiff and for such other relief as the Court deems just and appropriate.

## COUNTERCLAIM

Counterclaimant James M. Dunlap incorporates his answer and affirmative defenses as set forth herein, and hereby counterclaims against AAMCO Transmissions, Inc. as follows:

1.  On March 8, 2006, Cottman Transmission merged with AAMCO Transmissions, Inc. (hereinafter jointly referred to as "ATI").

2.  Since the acquisition of AAMCO Transmissions, Inc. by Cottman, Cottman has systematically consolidated and/or eliminated the number of AAMCO franchisees and Cottman franchisees in a given local market.

3.  In a March 2006 meeting attended by counterclaimant Dunlap, Todd Leff -- the president of ATI and former president of Cottman, announced that in the Virginia market serviced by counterclaimant Dunlap there were 18 AAMCO centers servicing 1.6 million cars.

4.  Mr. Leff further announced that ATI had determined that there was a need in the market for only one AAMCO center per 100,000 cars.

5.  Mr. Leff concluded that ATI had determined that there were 2 AAMCO centers too many in the market.

6.  Shortly after the meeting, ATI improperly and without justification targeted counterclaimant Dunlap's Portsmouth Center and Chesapeake Center for termination as ATI franchises.

7.  In pursuit of its wrongful plans to terminate the Portsmouth Center and Chesapeake Center, ATI sent letters to counterclaimant Dunlap alleging that he was not

in compliance with the respective franchise agreements and demanding that he cure his alleged non-compliance or risk termination as an authorized franchise.

8. In response to the ATI letters, counterclaimant complied fully with the demands made in the ATI letters and remained in compliance with the terms and conditions of the franchise agreements.

9. Despite counterclaimant Dunlap's compliance with the franchise agreements, ATI improperly and without legal right or cause purportedly terminated the franchise agreements effective as of June 9, 2006.

10. ATI's purported termination of the franchise agreements was improper and constitutes a material breach of the franchise agreements by ATI.

11. As a result of ATI's material breach of the franchise agreements, counterclaimant Dunlap has suffered and continues to suffer economic harm and harm to his business reputation and loss of goodwill.

12. Despite the alleged termination of the Portsmouth Center and Chesapeake Center in June 2006, ATI continued to treat Dunlap as an authorized franchisee under the agreements through September 2006.

13. Some time in October, 2006 (approximately 3 months after the alleged termination), ATI ceased providing counterclaimant Dunlap with the rights and services he is entitled to under the franchise agreements.

14. Some time in October, 2006, ATI ceased providing counterclaimant Dunlap with access to the technical assistance hot line to which he is entitled under the franchise agreements.

15. Some time in October, 2006, ATI ceased acknowledging the amounts due and owing to counterclaimant Dunlap for franchise fees and for work Dunlap performed on Fleet contracts, which work is billed directly by ATI and with reimbursements due and owing to Counterclaimant.

16. ATI has also wrongfully denied counterclaimant Dunlap access to ATI advertising, including the placement of ads in the various Yellow Pages, which has significantly harmed Counterclaimant's business by reducing the number of customers and creating the impression in the market that counterclaimant Dunlap is not an authorized AAMCO franchise.

17. ATI has also improperly allowed a former Cottman Center, which center is located less than a mile from the Portsmouth center, to convert to an AAMCO center over the objection of counterclaimant Dunlap in the Spring of 2006.

18. The conversion of the former Cottman center to a competing AAMCO center has improperly and wrongfully allowed ATI and the new AAMCO center's owner to benefit from the 28 years of goodwill created solely by counterclaimant Dunlap.

## COUNT I
## BREACH OF FRANCHISE AGREEMENTS

19. Paragraphs 1 through 18 of this counterclaim are incorporated hereby by reference, as if set forth again in full.

20. As described above, ATI is in material breach of the franchise agreements in effect at the Portsmouth Center and the Chesapeake Center.

21. As a result of ATI's material breach of the franchise agreements, counterclaimant Dunlap has suffered and continues to suffer harm.

22. ATI is liable to counterclaimant Dunlap for all harm caused by ATI's material breach of the franchise agreements in the amount to be determined at trial.

WHEREFORE, James M. Dunlap respectfully requests judgment in his favor and against defendant AAMCO Transmissions, Inc. in the amount to be determined at trial, plus costs of suit and such other and further relief as this Court may deem proper.

## COUNT II
## BREACH OF CONTRACT

23. Paragraphs 1 through 22 of this counterclaim are incorporated hereby by reference, as if set forth again in full.

24. ATI alleges that it is owed approximately $41,641.70 from counterclaimant Dunlap in AON Warranty Group premiums.

25. Said amounts were allegedly owed more than four years ago and, therefore, are barred by the applicable statute of limitations.

26. However, to the extent that ATI could establish the right to any amounts purportedly owed for AON Warranty Group premiums, ATI is indebted to counterclaimant Dunlap in the amount of $60,000 for unpaid AON Warranty Group claims properly submitted by counterclaimant Dunlap.

27. ATI is in breach of its obligations to reimburse counterclaimant Dunlap in the amount of $60,000.

28. As a result of ATI's breach, counterclaimant Dunlap has been injured in the amount of $60,000.

29. ATI is liable to counterclaimant Dunlap in the amount of $60,000.

WHEREFORE, James M. Dunlap respectfully requests judgment in his favor and against defendant AAMCO Transmissions, Inc. in the amount of $60,000, plus costs of suit and such other and further relief as this Court may deem proper.

LUNDY, FLITTER, BELDECOS & BERGER, P.C.

By: /s/: Phillip D. Berger, Esq.
Phillip D. Berger, Esquire (58942)
C. Scott Spear (77642)
450 N. Narberth Avenue
Narberth, Pennsylvania 19072
(610) 668-0770
(610) 667-0552(F)

Attorneys for Defendant

Dated: February 26, 2007