**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AAMCO TRANSMISSIONS, INC. | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 07-562 (TJS) |
| JAMES M. DUNLAP | : | |
| Defendant/Counterclaimant. | : | |

**STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED
DISCLOSURE OF CONFIDENTIAL INFORMATION**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the agreement and stipulation of the parties, and in order to expedite discovery and to protect the confidential status of confidential financial, business, personal, or otherwise proprietary or confidential information of certain discovery materials to be produced by Plaintiff in connection with nos. 16 and 17 of Defendant's First Request for Production of Documents and marked by Plaintiff as "confidential" (the "Confidential Materials"), Defendant, by his undersigned counsel, hereby agrees to be bound by the terms of this Order throughout the pendency of the above captioned action, including until such time as this Order is signed by this Court or this Order is entered, and following the termination of the action.

IT IS HEREBY ORDERED THAT the following provisions and conditions shall apply to the Confidential Materials:

1. <u>Persons to Whom the Confidential Materials May be Disclosed.</u>  Except as otherwise provided herein, the Confidential Materials shall be used solely for the prosecution and defense of the claims in this action.  Unless the Court for good cause shown rules otherwise, the

Confidential Materials shall not be disclosed to any person other than the Court and the following individuals:

- (a) judicial officers and personnel (including stenographic reporters);
- (b) counsel for a party in this action, including members and associates of their law firms, and in-house counsel;
- (c) the clerical and paralegal staff of counsel for a party in this action and such staff of in-house counsel;
- (d) persons retained by counsel for a party in this action to furnish expert services or advice or to give expert testimony in this action;
- (e) witnesses at deposition or trial; and
- (f) the parties to this action, for use only for purposes of this action and not for any business or competitive purposes.

Material disclosed to any such person shall not be disclosed by him or her to any other person not included within subparagraphs (a) through (f) of this paragraph 1, except as otherwise agreed to in writing by Plaintiff, or its counsel, or as permitted by subsequent Order of this Court.

2. <u>Execution of Confidentiality Agreement</u>.  Before the Confidential Materials are disclosed to any person encompassed by subparagraphs 1 (d), 1 (e) or 1(f), Defendant shall ensure that the person to whom the Confidential Materials are to be disclosed has read this Order and agreed to be bound by its terms by executing a Confidentiality Agreement in the form attached hereto as Exhibit A.

3. <u>Filings Containing Confidential Materials to be Under Seal</u>.  Any Confidential Materials filed by Defendant with the Court, either as part of a pleading, brief, or otherwise, shall be filed under seal in accordance with the provisions of Local Rule 5.1.5(a)(2).  Where possible,

only portions of the filing with the Court constituting Confidential Materials shall be filed under seal.

     4.     <u>Designation of Transcripts</u>.  In accordance with this Order, Plaintiff's counsel may designate that specific portions of the transcript and exhibits of a deposition relating to the Confidential Materials shall be subject to the provisions of this Order to the extent that it contains or describes the Confidential Materials.  Such designation shall be made on the record of the deposition.  Where such specific portions of a transcript are so designated, they and all portions of the transcripts of such depositions and all exhibits which refer or relate to Confidential Materials, shall be deemed to be Confidential Materials and subject to the terms and restrictions of this Order.

     5.     <u>No Waiver of Rights and Obligations</u>.  Nothing contained in this Order shall affect the right of any party to make any objection (except no objection based on confidentiality shall be made to the turnover of all responsive documents to request nos. 16 and 17 of Defendant's First Request for Production of Documents), claim, or other response to interrogatories, requests to admit, requests for production of documents, or to any questions at deposition.  Furthermore, this Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party with respect to the Confidential Materials produced in this action.

     6.     <u>No Restriction on Plaintiff to Use Confidential Materials</u>.  Nothing in this Order shall prejudice Plaintiff's right to make any use of, or disclose to any person, any of the Confidential Materials it has produced without prior Court order, or to waive the provisions of this Order with respect to any of the Confidential Materials protected from unauthorized disclosure under this Order.

7. <u>Inadvertent Disclosure of the Confidential Materials</u>.  Inadvertent disclosure of any of the Confidential Materials (or any information contained therein or derived therefrom) shall not be deemed to waive any of the rights provided herein.

8. <u>Custody of the Confidential Materials</u>.  All Confidential Materials produced pursuant to this Order shall be maintained in a secure location with reasonable measures being taken to ensure the confidentiality of such information in accordance with the terms of this Order.  In the event of a disclosure by Defendant or his representatives of any of the Confidential Materials to a person not authorized to have had such disclosure made to him or them under the provisions of this Order, the Defendant's counsel shall immediately inform Plaintiff's counsel of all relevant information concerning the nature and circumstances of such disclosure.  The Defendant shall also take reasonable measures promptly to retrieve from the unauthorized person all copies of the disclosed Confidential Materials and to ensure that no further or greater unauthorized disclosure of the Confidential Materials is made.

9. <u>No Waiver or Admission</u>.  Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any party as, an admission by a party opponent.

10. <u>Disposition of Material Upon Final Termination of this Action</u>. Within thirty (30) days following the final termination of this action, all persons subject to this Order shall, at the instruction of the Plaintiff, either return or destroy all of the Confidential Materials (and all documents containing information referring to or derived therefrom), including all copies thereof, to counsel for the Designating Party, except for documents covered by the attorney-client privilege or the attorney work-product doctrine, pleadings filed in this action, transcripts, deposition, trial or hearing exhibits, and discovery responses served, which shall remain subject

to the terms of this Order. The remaining provisions of this Order prohibiting non-disclosure of information shall continue in effect after the termination of this litigation. With respect to Confidential Materials filed under seal and existing in the Court's case file at the conclusion of this matter, the Plaintiff shall, within sixty (60) days after the entry of final judgment and an appellate mandate, if appealed, present to the court a proposed order specifying whether the Confidential Materials sealed are to be (a) returned to the Plaintiff or (b) unsealed and placed in the case file.

11. <u>Amendment/Retention of Jurisdiction</u>. This Order may be modified or amended by order of the Court for good cause shown or by the written agreement of the parties.

| APPROVED AND HEREBY ORDERED THIS ___ day of _____, 2007. ||
|---|---|
| | _____<br>Timothy J. Savage<br>United States District Judge |
| FOR PLAINTIFF AAMCO<br>TRANSMISSIONS, INC.<br><br><br>By __/s/William B. Jameson__<br><br>James Goniea, Esq.<br>William B. Jameson, Esq.<br>AAMCO Transmissions, Inc.<br>201 Gibraltar Road, Suite 150<br>Horsham, PA 19044 | FOR DEFENDANT/COUNTERCLAIMANT<br>JAMES M. DUNLAP<br><br><br>By ___/s/C. Scott Spear_____<br><br>Phillip D. Berger, Esq.<br>C. Scott Spear, Esq.<br>Lundy, Flitter, Beldecos & Berger, P.C.<br>450 N. Narberth Avenue<br>Narberth, PA 19072 |

## **EXHIBIT A**

CONFIDENTIALITY AGREEMENT

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in AAMCO Transmissions, Inc. v. James M. Dunlap, U.S. Dist. Court for the Eastern Dist. of PA, No. 07-562. I understand the Protective Order and agree to be bound by its terms. I understand that unauthorized disclosure of the Confidential Materials protected from disclosure pursuant to the Protective Order constitutes contempt of court. I further agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to all matters relating to compliance with this Confidentiality Agreement and the Protective Order.

_____          _____
        Date                                                                    Name

                                                                          _____
                                                                         Signature

                                                                         _____
                                                                         Address

                                                                         _____

27243307